## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

KEVIN L. CARR,

Plaintiff,

v.                                                    Civil Action No. 2:12-cv-00871

NATIONAL LABOR RELATIONS BOARD
1099 14TH St. N.W.
Washington, D.C. 20570-0001

Defendant.

### COMPLAINT

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant National Labor Relations Board ("NLRB").

**Jurisdiction and Venue**

2.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

3.     Plaintiff is a citizen of Charleston, Kanawha County, West Virginia and has requested information from the NLRB that the NLRB has refused to provide without statutory support.

4.     Defendant NLRB is an agency within the meaning of 5 U.S.C. § 552(f).

**Plaintiff's FOIA Request and Defendant's Failure to Respond**

5.      By letter dated January 26, 2012, Plaintiff sought, *inter alia,* the production of drafts of the Acting General Counsel's January 24, 2012 Memo (OM 12-31).  Request No. 2 of Plaintiff's January 26, 2012, is the sole request at issue in this civil action.

6.      By letter dated March 1, 2012, the NLRB's Freedom of Information Office denied Plaintiff's request No. 2, in which Plaintiff sought drafts of OM 12-31.

7.      Plaintiff timely appealed to the NLRB and, by decision dated March 23, 2012, the NLRB denied the appeal.  Plaintiff has exhausted all applicable administrative remedies.

8.      OM-31 is a recitation of the facts underlying 14 social media cases involving alleged protected concerted activity.  It was not an advice memorandum, an appeals memorandum and contained nothing akin to agency policy or intra-agency guidance.  Instead, it was directed to, in the Acting General Counsel's words in OM-31, "practitioners, human resource professionals, the media, and the public."  As such, the drafts of OM-31 were neither "predecisional" (because there was no "decision" to be made) nor "deliberative" (again, it was simply a public-directed report).

9.      No FOIA exemption is applicable to the information sought by Plaintiff and the information must be produced under FOIA.

10.     Alternatively, if this Court determines that an exemption is applicable, the NLRB should be required to release all reasonably segregable factual portions of an exempt or withheld document pursuant to 5 U.S.C. § 552(b).

11.     To date, the NLRB has refused to provide Plaintiff with the drafts of OM-31.

**Requested Relief**

WHEREFORE, plaintiff prays that this Court enter an Order:

A.      compelling the NLRB to disclose the requested records in their entirety and make copies available to Plaintiff;

B.      awarding Plaintiff his costs and reasonable attorneys fees incurred in this action; and

C.      granting such other relief as the Court may deem just and proper.

Respectfully submitted,

KEVIN L. CARR

By:  Spilman Thomas & Battle, PLLC

Kevin L. Carr (WV Bar #6872)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Charleston, West Virginia 25301
Phone 304.340.3800
Fax 304.340.3801
kcarr@spilmanlaw.com