```
        UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

KEVIN L. CARR,

    Plaintiff,

v.                          Civil Action No. 2:12-0871

NATIONAL LABOR RELATIONS BOARD,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are the defendant National Labor Relations Board's ("NLRB") motion for summary judgment filed August 10, 2012, and plaintiff Kevin L. Carr's motions to lift stay on discovery and to permit him to conduct discovery, filed August 24, 2012.[1]

### I.

This action involves a request made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On January 26, 2012, Mr. Carr sought the production of drafts of a January 24, 2012, memo prepared by the NLRB Acting General Counsel, referred to as "OM 12-31." On March 1, 2012, the NLRB FOIA Office denied the request.

---

[1] Also pending is the joint motion to set initial scheduling deadlines, which was embedded within the amended Rule 26(f) report filed July 6, 2012. Inasmuch as a schedule was entered July 10, 2012, it is ORDERED that the joint motion be, and it hereby is, denied as moot.

On March 7, 2012, Mr. Carr appealed the unfavorable determination. On March 23, 2012, the NLRB denied the appeal, resulting in exhaustion of the applicable administrative process. On March 27, 2012, Mr. Carr instituted this action seeking to compel the NLRB to disclose to him the requested record. On July 6, 2012, the parties filed an amended joint report of their planning meeting, along with a request to set an initial schedule. The joint report stated, <u>inter</u> <u>alia</u>, as follows:

> Having conferred further, the parties now agree that discovery in this matter should be stayed at least until the NLRB has filed its summary judgment motion and supporting <u>Vaughn</u> index, affidavit(s), and memorandum, and that Mr. Carr should have the opportunity, before his opposition to the NLRB's summary judgment motion is due, to file a motion to lift the stay of discovery, and to have such motion to lift the stay ruled upon before his opposition is due. The parties agree that Mr. Carr's filing of a motion to lift the stay does not prejudice the NLRB's ability to make any appropriate argument in opposition to such motion.

(Jt. Rep. at 2). The parties additionally discussed the other steps to be taken in the litigation following the filing of the NLRB's dispositive motion:

> Mr. Carr intends to file a motion to lift the stay of discovery if the NLRB's <u>Vaughn</u> index and affidavit(s) state that the documents it has withheld pursuant to Exemption 5 of the Freedom of Information Act, 5 U.S.C. § 552(b)(5) ("the FOIA") are predecisional (which they will). In such case, the parties agree that Mr. Carr may request the Court's permission to seek discovery on the nature and scope of the "decision" at issue and to depose the NLRB's FOIA officer and the Acting General Counsel. In turn, the NLRB may oppose the motion to lift the stay on the grounds that, <u>inter</u> <u>alia</u>, Mr. Carr may not seek to discover the deliberative thought processes of

2

>agency officials and that discovery is not appropriate in FOIA cases prior to a court's decision on the government's summary judgment motion.

(Id.)

On July 10, 2012, the court entered its scheduling order setting forth the following case events and dates:

>NLRB dispositive motion, Vaughn index, affidavits, and supporting memorandum by August 10, 2012;
>
>Mr. Carr's motion to lift the stay of discovery by August 24, 2012;
>
>NLRB opposition to the motion to lift stay by September 7, 2012; and
>
>Mr. Carr's reply to the NLRB opposition by September 14, 2012.

(Sched. Ord. at 1-2).

On August 10, 2012, the NLRB moved for summary judgment, including its Vaughn index and the declaration of Barry Kearney, with various exhibits attached. The NLRB asserts that it properly withheld under FOIA Exemption 5 the record sought by Mr. Carr, which it characterizes as drafts of an NLRB Operations-Management Memorandum, the final version of which was distributed to the public and to NLRB Regional Offices as guidance.[2] The NLRB asserts that the public memorandum -- and the non-public drafts at issue herein --

---

[2] Exemption 5 refers to that portion of section 552 that shields from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

report on the prosecutorial decisions of the NLRB Acting General Counsel concerning whether or not to issue an administrative complaint, and prosecute as a violation of the NLRA, an employer's actions as they relate to employees' use of social media. The NLRB asserts that "[d]isclosure of the withheld drafts would reveal the Acting General Counsel's deliberations with subordinates in developing case-handling guidance in the emerging area of social media." (Mot. for Summ. J. at 1; see also Vaughn Index at 1 ("[T]he withheld documents are two intra-agency memoranda falling within the deliberative process privilege incorporated in FOIA Exemption 5")).

On August 24, 2012, Mr. Carr moved to lift the stay and permit discovery. He notes that the NLRB provided no declaration from the two individuals who revised the drafts of OM 12-31, namely, the Acting General Counsel and an unnamed staff attorney. He also asserts Mr. Kearney did not draft OM 12-31, made no revisions to it, and merely offers speculation respecting the thought processes of the Acting General Counsel and the unnamed staff attorney. He additionally challenges the invocation of Exemption 5, noting the NLRB "argues that changes in sentences, phrases, headings and the order in which the cases were listed in OM 12-31 satisfy the predicate for Exemption 5 of FOIA." (Mot. to Stay at 3). He concludes that OM 12-31 is merely a report intended by the NLRB to be viewed by the public of matters that transpired in the past.

4

Based upon the putatively deficient showing in support of applying Exemption 5, Mr. Carr asserts that he should be permitted to depose the Acting General Counsel and the unnamed staff attorney in order to ascertain "basic facts like:"

> a. What types of changes in the order of case descriptions were made (i.e., was it simply moving the first case listed in draft 1 to the third case from the bottom in draft 2)?
>
> b. If so, what type of deliberation -- and what levels of effort and time were expended by the Board -- in connection with determining how far down the page a case should appear in the final draft of OM 12-31?
>
> c. Were revisions to sentences and phrases occasioned by a typographical error, a fundamental misunderstanding of grammar or the facts of a case, or for some other reason?
>
> d. Were revisions to a heading occasioned by a typographical error, a fundamental misunderstanding of grammar or the facts of a case, or for some other reason?
>
> e. Were the revisions to facts in the Facebook case referenced by the Board a result of a misunderstanding by the drafter or editor of the facts? Did those facts somehow change? Were there facts that were not part of the public record of that case or somehow otherwise protected from disclosure?
>
> f. In what ways would the public be "misguided" or "mislead" as claimed by the Board should the drafts be produced to Plaintiff?
>
> g. Does the Board believe -- as Plaintiff's [sic] believes the Board believes -- that all drafts of any document prepared by the Board are exempt from production under FOIA, period? If so, what is the basis for that misguided belief?
>
> h. In what order were the revisions made?
>
> i. Was there any research -- factual or legal -- involved in the decision by the drafter or editor in connection with any of the revisions made to the drafts of OM 12-31?

    **j. Were there any cases initially included in any of the drafts of OM 12-31 that were not contained in the final version?**

    **k. Did the Board keep all drafts of OM 12-31? If so, why did the Board's information officer suggest to the undersigned that some or all drafts may have been discarded?**

    **l. What was the length of time it took to make each "round" of revisions?**

    **m. Which revisions, if any, were simply a function of wordsmithing or correcting typographical or grammatical errors?**

    **n. Do the Acting General Counsel and the unnamed/unidentified "Division of Advice staff attorney" even agree with Mr. Kearney's sworn characterization of their alleged deliberative and contemplative efforts with respect to OM 12-31?**

(Mot. to Stay at 3-4).

## II.

As noted in <u>Rein v. U.S. Patent & Trademark Office</u>, 553 F.3d 353 (4th Cir. 2009), a document will be privileged from disclosure under the FOIA if it "'satisfies two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it.'" <u>Id.</u> at 371 (quoting <u>Dep't of the Interior v. Klamath Water Users Protective Ass'n</u>, 532 U.S. 1, 8 (2001). The evidentiary shields upon which a government agency might rely under Exemption 5 include the

6

attorney-client privilege, the attorney-work product privilege, and the deliberative process privilege. Rein, 553 F.3d at 371; see N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132, 149–50 (1975). A bedrock policy reason underlies Exemption 5. It is "designed to protect the quality of administrative decisionmaking by ensuring that it is not done 'in a fishbowl.'" City of Virginia Beach, Va. v. U.S. Dep't of Commerce, 995 F.2d 1247, 1252 (4th Cir. 1993); see also Klamath, 532 U.S. at 8–9.

Our court of appeals' decision in Simmons v. U.S. Dep't of Justice, 796 F.3d 709 (4th Cir. 1986), is the seminal case in this circuit respecting discovery in FOIA matters. The decision in Simmons observed as follows:

> [T]he district court has the discretion to limit discovery in FOIA cases and to enter summary judgment on the basis of agency affidavits in a proper case. Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C.Cir.1978), cert. denied, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed. 759 (1980). As the Goland court expressed the rule, "[t]he agency's affidavits, naturally, must be 'relatively detailed' and nonconclusory and must be submitted in good faith. But if these requirements are met, the district judge has discretion to forgo discovery and award summary judgment on the basis of affidavits." Id.; see also Military Audit Project v. Casey, 656 F.2d 724 (D.C. Cir. 1981).

Id. at 711-12. Our court of appeals, interpreting Simmons, has additionally observed that discovery is customarily circumscribed, or entirely disallowed, in the FOIA context. See Heily v. U.S. Dep't of Commerce, No. 03-1309, 2003 WL 21513059, at *2 (4th Cir. Jul. 3,

7

2003) ("It is well-established that discovery may be greatly restricted in FOIA cases."). In the unusual case when discovery has been allowed it is often limited to the agency's search, indexing and classification procedures. See Weisberg v. United States Dep't of Justice, 627 F.2d 365, 371 (D.C. Cir. 1980); see also Public Citizen Health Research Group v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998) (holding that discovery is limited to investigating the scope of agency's search for responsive documents, the agency's indexing, and the like).

Mr. Carr has not demonstrated at this time that discovery is necessary to properly challenge the NLRB's summary judgment motion. It is, accordingly, ORDERED that Mr. Carr be, and he hereby is, directed to respond to the NLRB's summary judgment motion on or before November 20, 2012, with any reply filed by the NLRB no later than December 3, 2012. In the event that the court later concludes additional elaboration is required of the NLRB, either by affidavit or documentary evidence, or that limited discovery is warranted, an appropriate order will issue. It is further ORDERED that the motions to lift stay on discovery and to permit Mr. Carr to conduct discovery be, and they hereby are, denied.

The Clerk is requested to transmit this written opinion and order to all counsel of record and to any unrepresented parties.

DATED: November 8, 2012

John T. Copenhaver, Jr.
United States District Judge